IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff,* | § § § | |
| v. | § § | CIVIL ACTION NO. 1:19-cv-00084 |
| 0.9987 ACRES OF LAND, MORE OR LESS, SITUATE IN CAMERON COUNTY, STATE OF TEXAS, SALVADOR J. CASTILLO, *et al.*,<br>    *Defendants.* | § § § § § § | |

**JOINT MOTION FOR POSSESSION, ESTABLISHMENT OF JUST COMPENSATION, AND DISTRIBUTION OF FUNDS IN THE REGISTRY OF THE COURT**

Plaintiff, the United States of America (hereafter "United States), through the undersigned Assistant United States Attorney, and Defendants, Salvador J. Castillo and Yvette Arroyo, move the Court to enter an order granting the following relief:

(1) the United States possession of a temporary easement in the property that is the subject of this condemnation suit;

(2) establishing the just compensation amount Defendants, Salvador J. Castillo and Yvette Arroyo, are entitled to for the temporary easement; and

(3) distributing the amount of just compensation from funds in the Registry of the Court.

If the Court grants the relief requested in this motion, the Parties further request the Court close this case.

## I.    BACKGROUND

1. The basis of this condemnation action is to acquire a twelve (12) month easement—a right-of-entry—to conduct surveying, testing, and other investigatory work, in support of the

border fence infrastructure project.[1]

2. On May 31, 2019, the United States filed a "Complaint in Condemnation" (Docket No. 1) and Declaration of Taking (Docket No. 2) to condemn .9987 acres, more or less, identified as tract RGV-HRL-7528 (hereafter "Subject Property").[2]

3. The United States named as party defendants: (1) Salvador J. Castillo, the record title owner of the Subject Property, and (2) wife, Yvette Arroyo, as homeowner in actual possession.[3]

4. On June 4, 2019, the United States deposited one hundred dollars ($100.00) into the Registry of the Court as estimated just compensation for the temporary easement.[4]

5. As of July 5, 2019, the United States and Defendants, Salvador J. Castillo and Yvette Arroyo (collectively, hereafter "the Parties") have agreed on terms and stipulations as to possession of the Subject Property for the temporary estate; in addition, the Parties have agreed on the just compensation amount for the estate taken by the United States.

## II. POSSESSION OF THE TEMPORARY EASEMENT IN THE SUBJECT PROPERTY

6. The United States has acquired title to the temporary easement in the Subject Property, by operation of law, as a result of filing its "Declaration of Taking" (Docket No. 2) and depositing an estimated amount of just compensation into the Registry of the Court. *See* 40 U.S.C. § 3114(b)(1). Upon the filing of a declaration of taking, "the court may fix the time within which, *and the terms on which*, the parties in possession shall be required to surrender possession to the petitioner . . ." *Id.* § 3114(d)(1) (emphasis added). In *1.04 Acres of Land*, this Court acknowledged

---

[1] Schedule "E", Docket Nos. 1-6; 2-5.
[2] Schedules "C," D", *Id.* 1-4. 1-5; 2-3, 2-4.
[3] Schedule "G", *Id.* 1-8; 2-7.
[4] Docket No. 5; *see also* Schedule "E", Docket Nos. 1-7; 2-6.

it is "empowered to provide terms and conditions when granting an order of possession following the filing of a declaration of taking that the United States must fulfill prior to entering onto the property." *United States v. 1.04 Acres of Land*, 538 F. Supp. 2d 995, 1014 (S.D. Tex. 2008)(citing *Id.* § 3114(d)(1)).

7. After title vested in the United States, the Parties continued negotiations with respect to terms and stipulations of possession of the temporary easement in the Subject Property. As a result, the Parties have agreed to the following terms and stipulations in favor of granting the United States possession of the temporary estate:

- The United States' officers, employees, agents, and contractors shall have the right to enter in, on, over, and across the Subject Property for the purpose of conducting environmental assessments and property surveys, including the right to temporarily store, move and remove necessary equipment and supplies; survey, stake out, appraise, bore and take soil and/or water samples, and perform any other such work which may be necessary and incidental to help secure the United States/Mexico border within the States of Texas.

- This temporary right-of-entry is irrevocable for a period of twelve **(12)** months; it shall begin immediately and terminate twelve **(12)** months from the date this order is entered.

- Additionally, the United States is granted the right to trim or remove any vegetative or structural obstacles on the property that interfere with the aforementioned purpose and work. However, unless the United States receives prior authorization from either Salvador J. Castillo or Yvette Arroyo, the United States will not trim or remove (1) any trees and/or (2) wooden fence that may interfere with the work conducted by the United States.

- Within seven (7) days prior to entry onto the Subject Property, the United States will provide advanced notice of entry to either Salvador J. Castillo at (956) 459-4539, or Yvette

Arroyo at (956) 543-3661. Upon notice of entry—or at the time of entry—the United States will provide either Salvador J. Castillo or Yvette Arroyo with a reasonable estimate of the number of days that the United States' officers, employees, agents, or contractors will be on site for that specific visit.

- At the time of entry, the United States and either Salvador J. Castillo or Yvette Arroyo will agree on a feasible and convenient pathway to ingress and egress, necessary to access the Subject Property.

- All tools, equipment, and other property taken upon or placed upon the land by the United States shall remain the property of the United States and may be removed by the United States at any time within a reasonable period after the expiration of this order.

8. In light of the Court's discretion under § 3114(d)(1) to provide terms and conditions in an order of possession, the Parties respectfully request the Court enter an order granting the United States possession of the temporary easement in the Subject Property, which adopts the Parties' terms and stipulations as to the right-of-entry.

### III. ESTABLISHMENT OF JUST COMPENSATION AND DISTRIBUTION OF FUNDS IN THE REGISTRY OF THE COURT

9. Assuming the Court finds title to the temporary easement vested in the United States and thus, grants the United States possession of the temporary easement in the Subject Property, Defendants, Salvador J. Castillo and Yvette Arroyo are entitled to just compensation for the temporary right-of-entry. *See* 40 U.S.C. § 3114(b)(3).

10. In a condemnation action, "the court must award compensation for the title, lesser interest, or possession taken" once the plaintiff has acquired title or possession of the estate sought. Fed. R. Civ. P. 71.1(i)(1)(C); *see also* Fed. R. Civ. P. 71.1(j)(2)("After a deposit, the court and attorneys must expedite the proceedings so as to distribute the deposit and to determine and pay

compensation."). The owner of the condemned property is entitled to "immediate cash compensation to the extent of the Government's estimate of the value of the property." *United States v. Miller*, 317 U.S. 369, 381 (1943).

11. The Parties agree that full and just compensation payable by the United States for the taking of the temporary easement shall be the sum of one hundred dollars ($100.00), plus any accrued interest. This estimated just compensation amount remains in the Registry of the Court.

12. Moreover, Defendants warrant they are interested parties in the Subject Property as of the date title and possession vested in the United States; that they have the exclusive right to the just compensation for temporary estate in the Subject Property, not considering interests of parties having liens, encumbrances of record, and unpaid taxes and assessments, if any; and that no other party is entitled to the same or any part of just compensation for reason of any unrecorded agreement.

13. Defendants reserve the right to seek damages in a separate action for any compensable damage done to the Subject Property that is not repaired at the end of the temporary easement.

14. Therefore, pursuant to FRCP 71.1(i)(1)(C) and (j)(2), the Parties request the Court enter an order establishing just compensation in the sum of one hundred dollars ($100.00) and distribute said compensation to Defendants, Salvador J. Castillo and Yvette Arroyo for the temporary estate in the Subject Property. The Parties further request this case be closed.

## PRAYER

The Parties pray the Court enters and order granting the United States possession of the temporary estate sought, establish one hundred dollars ($100.00) as the just compensation amount

for the temporary estate, and distribute said amount to Defendants, Salvador J. Castillo and Yvette Arroyo. Finally, the Parties request the Court close this case.

|  |  |
|---|---|
| **For Defendants:** | Respectfully Submitted,<br><br>**For Plaintiff:** |
| _____<br>Defendant Salvador J. Castillo | RYAN K. PATRICK<br>United States Attorney<br>Southern District of Texas |
| _____<br>Defendant Yvette Arroyo | By: *s/Baltazar Salazar*<br>**Baltazar Salazar**<br>Assistant United States Attorney<br>Attorney-in-Charge<br>S.D. Tex. ID No. 3135288<br>Texas Bar No. 24106385<br><br>**UNITED STATES ATTORNEY'S OFFICE**<br>**SOUTHERN DISTRICT OF TEXAS**<br>1701 W. Business Hwy 83, Suite 600<br>McAllen, Texas 78501<br>Tel: (956) 992-9434<br>Fax: (956) 618-8016<br>E-mail: Baltazar.Salazar@usdoj.gov |

## CERTIFICATE OF SERVICE

I, Baltazar Salazar, Assistant United States Attorney for the Southern District of Texas, do hereby certify that on July 22, 2019, a copy of the foregoing was served via regular mail, to Defendants, Salvador J. Castillo and Yvette Arroyo.

By:   *s/Baltazar Salazar*
      **Baltazar Salazar**
      Assistant United States Attorney